UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**MICHAEL JERMAINE GREENE,**

      **Plaintiff,**

**v.**                                 Case No. 2:17-cv-02897

**DAVID BALLARD, et al.,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are a Motion to Dismiss filed by defendants Ballard, Frame, Clifford, Mitchell, and Snider (ECF No. 34), the plaintiff's Motion for Preliminary Injunction and/or Protective Order (ECF No. 47), and the plaintiff's Motion Requesting Order to be Moved from Mount Olive Correctional Complex if New Offer of Settlement is Refused (ECF No. 118). The undersigned will address each motion in turn.

    **A.**    **The defendants' Motion to Dismiss initial Complaint.**

The plaintiff filed his initial Complaint in this matter on May 10, 2017, against defendants David Ballard, Margaret Clifford, Jonathan Frame, Andy Mitchell, and Sherriel L. Snider. The court construed the initial Complaint to be raising claims of deliberate indifference to the plaintiff's medical and mental health needs, and deliberate

indifference to alleged threats to the plaintiff's safety, all of which the plaintiff contends occurred in retaliation for his filing of prior lawsuits against other WVDOC employees.

On February 28, 2018, the plaintiff filed a Motion to Amend Relief (ECF No. 25), in which he sought to amend his request for relief in his initial Complaint to include a request for a transfer to another prison facility. By Order entered on August 28, 2018 (ECF No. 83), the undersigned granted the plaintiff's Motion to Amend Relief (ECF No. 25) to the extent that the court would consider the plaintiff's request for a transfer to another correctional facility to be part of his request for relief.

On March 27, 2018, the defendants named in the initial Complaint filed a Motion to Dismiss (ECF No. 34) and a Memorandum of Law in support thereof (ECF No. 35). The motion asserted that the initial Complaint failed to state a plausible claim under the Eighth Amendment of the United States Constitution, that the plaintiff failed to exhaust the available administrative remedies concerning his claims, and that the defendants are entitled to qualified immunity on the plaintiff's claims.

On April 9, 2018, the plaintiff filed a Response in Opposition to the defendants' Motion to Dismiss (ECF No. 36). The plaintiff's Response correctly noted that the defendants' Motion to Dismiss failed to address all of the claims contained in his Complaint; in particular, the motion failed to address the plaintiff's claims of excessive force used by correctional officers, the failure to protect him from assaults by inmate gang members, and his claims of tampering with his mail and his inmate trust account balance. The defendants further failed to address the plaintiff's allegation that the conduct of the defendants is motivated by retaliation for his filing of prior lawsuits.

Additionally, the plaintiff is a prolific grievance filer, and he attached numerous grievances to his initial Complaint and provided more copies of grievances with his

subsequent filings. The defendants' Motion to Dismiss contends that none of the grievances were filed within the 15-day period required by WVDOC policy and, thus, he failed to properly exhaust the available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and the West Virginia Prison Litigation Reform Act ("WVPLRA"), W. Va. Code § 25-1A-1 *et seq*.

The plaintiff's Response to the Motion to Dismiss suggests that correctional staff have tampered with some of his grievances in such a way that additional factual development will be necessary to determine whether the administrative remedy process was properly exhausted concerning each of the plaintiff's claims, or whether the plaintiff can demonstrate that the administrative remedy process was somehow unavailable to him. *See Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016). Accordingly, the issue of failure to exhaust administrative remedies is not ripe for summary dismissal.

Furthermore, accompanying this Proposed Findings and Recommendation is an Order granting the plaintiff leave to proceed on his Second Amended Complaint, which names additional defendants and contains numerous additional factual allegations concerning the plaintiff's claims for relief. Because this matter will now proceed on the Second Amended Complaint, it is respectfully **RECOMMENDED** that the presiding District Judge **FIND** that the Motion to Dismiss filed by defendants Ballard, Frame, Clifford, Mitchell, and Snider (ECF No. 34) be **DENIED WITHOUT PREJUDICE,** pending a new responsive pleading(s) by those defendants.

> B. **The plaintiff's requests for preliminary injunctive relief.**

On June 8, 2018, the plaintiff filed a Motion for Preliminary Injunction and/or Protective Order, in which he contends that, since the filing of his initial Complaint, "unlawful actions of extra force has been committed by the prison staff . . . on the

3

plaintiff." (ECF No. 47 at 1). The plaintiff further suggests that disciplinary actions have unlawfully been taken against him, resulting in his placement in segregation, and that such actions have been in retaliation for his filing of the instant lawsuit and other prior lawsuits. (*Id.*)

The plaintiff contends that he has proven that the defendants failed to take him to outside hospital appointments, which he asserts could have led to his placement in a mental hospital, and he generally contends that the defendants have failed to assist him in getting treatment he believes he needs. (*Id.* at 1-2). The plaintiff asserts that he can meet the criteria for a preliminary injunction; however, his motion fails to make any specific request for injunctive relief, other than to state that the "the court should issue an injunction holding that the defendants, or their agents, cannot prevent the plaintiff from receiving clearance for the reason that they don't 'have a lot to lose.'" (*Id.* at 5).

On November 26, 2018, the plaintiff filed an additional Motion Requesting an Order to be Moved from Mount Olive Correctional Complex if New Offer of Settlement is Refused (ECF No. 118). That motion notes that the plaintiff had made a settlement offer to the defendants requesting that he be moved to the Northern Correctional Facility and placed in a behavior management program. The defendants rejected that initial settlement offer. The plaintiff's instant motion confers an additional request to be moved out of the Mount Olive Correctional Complex to another WVDOC correctional facility, and requests that the court so order if the defendants rejected that offer of settlement. The undersigned construes this request as an additional motion for preliminary or permanent injunctive relief.

Rule 65(a) of the Federal Rules of Civil Procedure provides that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). The

4

remainder of the rule addresses the procedure for a hearing on motions for a preliminary injunction and the scope of any such injunction. *Id.*

To obtain a preliminary injunction, a movant must demonstrate that "(1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest." *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama*, 575 F.3d 342 (4th Cir. 2009) (hereinafter "*Real Truth*")[1]. As noted by the *Real Truth* Court:

> A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendente lite* of the type available after the trial. *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003); *see also De Beers Consol. Mines, Ltd. V. United States*, 325 U.S. 212, 220-21, 65 S. Ct. 1130, 80 L. Ed. 1566 (1945). Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by "a clear showing" that, among other things, it is likely to succeed on the merits at trial. *Winter*, 129 S. Ct. at 376; *see also Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997) (per curiam). * * * Indeed, the Court in *Winter* rejected a standard that allowed the plaintiff to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76.

575 F.3d 345-46.

The *Real Truth* decision emphasizes that "the *Winter* requirement that the plaintiff clearly demonstrate that [he] will likely succeed on the merits is far stricter than the [*Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977)] requirement that the plaintiff demonstrate only a grave or serious *question*

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case. *See* 575 F.3d at 345-347.

for litigation." *Id*. at 346-47. The *Real Truth* further distinguishes the *Winter* standard from the old *Blackwelder* standard because it no longer requires the court to balance the irreparable harm to the respective parties, but rather requires the plaintiff to make a clear showing that he is likely to be irreparably harmed, and that the court must pay particular attention to the public consequences in employing the extraordinary remedy of an injunction. The Court again emphasized that <u>all four</u> factors must be met in order to justify this extraordinary relief. *Id*. at 347. Thus, the Court stated that the standard articulated in *Winter* would henceforth govern the issuance of preliminary injunctions in all federal courts. *Id*. Thus, the undersigned will address the plaintiff's motion for preliminary injunctive relief using this standard.

      Liberally construed, the plaintiff's motions appear to seek injunctive relief in the form of a court order to release him from segregation and transfer him to another correctional facility. However, this court cannot presently grant the requested relief. The undersigned proposes that the presiding District Judge **FIND** that, at present, the plaintiff has not clearly shown that he is likely to succeed on the merits of his various claims, or that he is likely to be irreparably harmed without preliminary injunctive relief. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that the plaintiff has not demonstrated a right to a preliminary injunction under the circumstances.

      Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Motion for Preliminary Injunction and/or Protective Order (ECF No. 47) and his Motion Requesting an Order to be Moved from Mount Olive Correctional Complex if New Offer of Settlement is Refused (ECF No. 118), and leave this matter referred to the undersigned for additional consideration of the plaintiff's claims for relief

contained in the Second Amended Complaint, on which this matter will now proceed.

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

February 25, 2019

Dwane L. Tinsley
United States Magistrate Judge