UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

MICHAEL JERMAINE GREENE,

    Plaintiff,

v.                               Civil Action No. 2:17-cv-02897

DAVID BALLARD, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are a motion to dismiss (ECF No. 34), filed by defendants Ballard, Frame, Clifford, Mitchell, and Snider, on March 27, 2018, the plaintiff's Motion for Preliminary Injunction and/or Protective Order (ECF No. 47), filed June 8, 2018, and the plaintiff's Motion Requesting Order to be Moved from Mount Olive Correctional Complex if New Offer of Settlement is Refused (ECF No. 118), filed November 26, 2018.

This action was previously referred to United States Magistrate Judge Dwane L. Tinsley who, on February 25, 2019, submitted his Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). On March 8, 2019, plaintiff Greene filed a timely objection to the PF&R. Defendants have neither objected nor responded to the plaintiff's objection.

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of <u>those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. 636(b)(1)).

The plaintiff objects to the magistrate judge's finding that, inasmuch as the plaintiff has failed to demonstrate by a clear showing that he will likely succeed on the merits, he is not entitled to preliminary injunctive relief. <u>See</u> PF&R 4-6. Thus, the magistrate judge recommended that the court deny the plaintiff's motion for preliminary injunction as well as his Motion Requesting an Order to be Moved from Mount Olive Correctional Complex if New Offer of Settlement is Refused, which motion requests a move to the Northern Correctional Facility and placement in a behavior management program. The magistrate construed this as an additional motion for preliminary or permanent injunctive relief. PF&R 4. Accordingly, with respect to the plaintiff's pending motions, the magistrate judge examined in his PF&R whether the plaintiff made a sufficient showing that he was entitled to a preliminary injunction.

To obtain a preliminary injunction, a movant must demonstrate that "(1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest." See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008); The Real Truth About Obama, 575 F.3d 342 (4th Cir. 2009). All four factors must be satisfied to "justify this extraordinary relief." PF&R 6 (citing Real Truth, 575 F.3d at 347).

The magistrate judge concluded that, in liberally construing the plaintiff's motions, which, "appear to seek injunctive relief in the form of a court order to release him from segregation and transfer him to another correctional facility," the plaintiff has not "clearly shown" that he is likely to succeed on the merits or suffer irreparable harm if preliminary injunctive relief is not granted. PF&R 6. The plaintiff "asserts that he can meet the criteria" for an injunction, but "fails to make any specific request for injunctive relief." PF&R 4. Instead, plaintiff merely states that "the court should issue an injunction holding that the defendants, or their agents, cannot prevent the plaintiff from

receiving clearance for the reason that they don't 'have a lot to lose.'"  PF&R 4 (citing ECF No. 47 at 1).

Turning to the plaintiff's objection, Greene simply reiterates the allegations stated in his complaint and motions that seek injunctive relief, and then asserts that he is thus entitled to a preliminary injunction or a protective order.  <u>See</u> Obj. 1.  Accordingly, the objection is deemed to be without merit.  It is clear from the plaintiff's pending motions that at least two of the four elements of preliminary injunctive relief have not been satisfied, namely, that plaintiff is likely to succeed on the merits or suffer irreparable harm, as correctly noted in the magistrate's PF&R.

The court, accordingly, ORDERS as follows:

1. That the petitioner's objection to the PF&R be, and hereby is, overruled.

2. That the magistrate judge's Proposed Findings and Recommendation be, and hereby are, adopted and incorporated in full.

3. That the plaintiff's Motion for Preliminary Injunction and/or Protective Order (ECF No. 47) and his Motion Requesting an Order to be Moved from Mount Olive

Correctional Complex if New Offer of Settlement is Refused (ECF No. 118) be, and hereby are, denied.

4. That the defendants' motion to dismiss (ECF No. 34) be, and hereby is, denied without prejudice, pending a new responsive pleading by those defendants in view of the addition of fifty more defendants in the Second Amended Complaint.

5. That this matter be, and hereby is, again referred to the United States Magistrate Judge for additional consideration of the plaintiff's claims for relief contained in the Second Amended Complaint, on which this matter will now proceed.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: March 28, 2019

John T. Copenhaver, Jr.
Senior United States District Judge