# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

**MICHAEL JERMAINE GREENE,**

    **Plaintiff,**

**v.**                           **Civil Action No. 2:17-cv-02897**

**DAVID BALLARD, Warden, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is a motion to dismiss the second amended complaint filed on March 11, 2019 by defendants David Ballard, Jonathan Frame, Margaret Clifford, and Andy Mitchell, in which Sherrill Snyder has, on March 14, 2019, joined.

This action was previously referred to United States Magistrate Judge Dwane L. Tinsley for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On February 25, 2020, the magistrate judge entered his PF&R recommending that the court grant defendants' motion to dismiss with respect to plaintiff's claims arising out of the alleged "liquid item" placed in his body, dismiss these "liquid item" claims as

frivolous against all defendants[1] named in the second amended complaint, grant the motion to dismiss with respect to plaintiff's Eighth Amendment deliberate indifference to medical treatment claims against these five defendants, and otherwise deny the motion without prejudice. See ECF No. 197 at 19-20. On March 12, 2020, plaintiff Michael Jermaine Greene filed a timely objection to the PF&R. See ECF No. 208. Defendants have neither objected nor responded to the plaintiff's objection.

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination <u>of those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (first alteration added) (quoting 28 U.S.C. § 636(b)(1)).

First, plaintiff objects to the magistrate judge's finding that plaintiff's claims that he was injected with a "liquid item" that allowed prison staff at the Mount Olive Correctional Complex to read his mind are legally and factually frivolous and should be dismissed against all defendants named in the second amended complaint under 28 U.S.C.

---

[1] The second amended complaint named an additional 50 defendants, who have not been served with process.

§§ 1915(e)(2)(B)(i) and 1915A(b)(1), and 42 U.S.C. § 1997e(c). Plaintiff argues that there is video footage, declarations filed by plaintiff, and declarations of "two eyewitnesses" to support the claim that the "liquid item" in plaintiff's body does exist and controls his thoughts. See ECF No. 208 at 2–4; ECF Nos. 122, 154 and 183. Plaintiff further asserts that the magistrate judge overlooked the allegation in the second amended complaint that to prove the existence of the "liquid item," plaintiff "spoke to myself in my head AND made up a lie to see if I could get Counselor Nancy Johnson (Defendant) to unintentionally help me prove they was listening to radio's speaking of my thoughts, AND it shows on camera." ECF No. 79 at 16, ¶ 31; ECF No. 208 at 2–3. Plaintiff maintains that further investigation of these claims with court-appointed counsel is necessary. ECF No. 208 at 4.

The magistrate judge considered the declarations plaintiff filed on his own behalf as well as the two declarations other inmates filed which summarily assert that plaintiff's allegations regarding the "liquid item" are true. ECF Nos. 122 and 154. The magistrate judge properly found that allegations that prison officials installed mind control devices to manipulate a prisoner are frivolous and subject to summary dismissal. See, e.g., LaVeau v. Snyder, 84 F. App'x 654, 655

(7th Cir. 2003) ("[Inmate's] allegations of a surveillance device that can read minds and manipulate thoughts are fantastic and delusional, and accordingly [the] complaint was properly dismissed without an evidentiary hearing."). Accordingly, plaintiff's objections regarding the "liquid item" claims are without merit.

Second, plaintiff objects to the magistrate judge's finding that his Eighth Amendment deliberate indifference claim concerning medical care should be dismissed. Plaintiff argues that defendants acted with deliberate indifference by not taking adequate measures in response to plaintiff cutting himself. See ECF No. 208 at 5. The second amended complaint alleges that after plaintiff had "cut his wrist while in MHU for not being on medication for voices/hallucinations," plaintiff was put on medication and when he asked "MHU staff" about a medical appointment, he was informed that the hospital appointment would need to be rescheduled. ECF No. 79 at 4, ¶ 4.

As the magistrate judge found, the second amended complaint does not plead the subjective component necessary to state a plausible claim of deliberate indifference inasmuch as it does not specifically allege that any of Ballard, Frame, Clifford, Mitchell, and Snyder interfered with plaintiff's medical treatment. The magistrate judge reasoned that insofar

4

as plaintiff was denied follow-up outside medical appointments, plaintiff only refers to "MHU staff" and "medical staff" without identifying which defendants, if any, made those decisions. See ECF No. 197 at 19. At most, plaintiff alleges "mere negligence or malpractice" on their part, which does not constitute deliberate indifference to a medical need. See Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990) ("[M]ere negligence or malpractice does not violate the eighth amendment."). Insofar as the objections add new allegations regarding these defendants, it is "axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." See Katz v. Odin, Feldman & Pittleman, P.C., 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004) (quoting Morgan Distrib. Co., Inc. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989)); Car Carriers v. Ford Motor Co., 745 F. 2d 1101, 1107 (7th Cir. 1984) ("[C]onsideration of a motion to dismiss is limited to the pleadings."). Accordingly, the court finds that these objections lack merit.

The court, accordingly, ORDERS as follows:

1. That plaintiff's objections to the PF&R be, and they hereby are, overruled.

2. That the magistrate judge's PF&R entered February 25, 2020 be, and it hereby is, adopted and incorporated in full.

3. That defendants' motion to dismiss be, and it hereby is, denied without prejudice, except that it is granted with respect to plaintiff's claims arising out of the alleged "liquid item" placed in his body, which is also dismissed as frivolous against all defendants named in the second amended complaint, and it is granted with respect to his Eighth Amendment deliberate indifference to medical treatment claims against Ballard, Frame, Clifford, Mitchell, and Snyder.

4. That this case be, and hereby is, again referred to United States Magistrate Judge Dwane L. Tinsley for additional proceedings.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: March 27, 2020

John T. Copenhaver, Jr.
Senior United States District Judge