IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL JERMAINE GREENE,

    Plaintiff,

v.                                                        Case No. 2:17-cv-02897

DAVID BALLARD, *et. al.*,

    Defendants.

## ORDER AND NOTICE

On November 29, 2022, the undersigned held a status conference and motions hearing on all pending motions. The *pro se* Plaintiff, Michael Jermaine Greene, appeared by video conference from the Huttonsville Correctional Center. John P. Fuller, Jordan K. Herrick, and Robert A. Lockhart, counsel for the various defendants who have made an appearance, also participated by video conference. The Court addressed each of the pending motions on the record. This Order and Notice reflects the rulings made during the hearing.

    **A.**    **Defendants' Motions to Dismiss.**

This matter is proceeding on Plaintiff's Second Amended Complaint (ECF No. 79 and 186). On August 5, 2022, the undersigned filed a Proposed Findings and Recommendation recommending the dismissal of various claims and defendants (ECF No. 266). However, the undersigned further found that the following claims were potentially plausible and warranted further development: (1) Eighth Amendment claims concerning denial of allegedly necessary medical treatment against Defendants Dr.

Charles Lye and P.A. Josh Shrewsberry; (2) Eighth Amendment claims grounded in the failure to protect Plaintiff from a serious risk of harm posed by threats/assaults by other inmates brought against Defendants David Ballard, Jonathan Frame, Andy Mitchell, Margaret Clifford, and Sherrill Snyder; and (3) Eighth Amendment and state law assault and battery claims arising out of eight different instances of uses of force against Plaintiff, brought against Officer Matthew Isaac, Officer Kevin Baker, Officer Skylar Santiago, Officer Dustin Rose, Officer Dylan Hayhurst, Officer Matthew Hypes, Officer John Woods, Officer John Blankenship, Cpl. John Bowlin, Cpl. James Taylor, Sgt. Charles Legg, Sgt. Donald Slack, Sgt. Jessie Smith, Lt. James Smith, and Capt. Margaret Clifford. (*Id*. at 38-39).

Defendants Ballard, Frame, Mitchell, Clifford, and Snyder had previously been served with process and have now filed Answers to the Second Amended Complaint. (ECF Nos. 332-336). However, the remaining defendants had not been served with process, so the Court stayed the matter pending their service and appearance. The stay was lifted on July 25, 2022. (ECF No. 330). Now pending before the Court are eleven Motions to Dismiss (ECF Nos. 300, 302, 312, 314, 316, 318, 341, 371, 386, 387, and 410). The Defendants' motions and answers almost universally assert the affirmative defense of failure to exhaust administrative remedies, which is a threshold issue that must be addressed by the Court before the merits of Plaintiff's claims are considered.

Plaintiff is a prolific grievance filer and a number of his grievances have been made a part of the record herein. (*See* ECF Nos. 1, 8, 36, 61, 69, 71, 75, 79, 86, 128, 199, 253, and 254). As further set forth in the hearing, because these documents are not integral to the Second Amended Complaint, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, the parties are hereby **NOTIFIED** that the Court intends to convert the

Defendants' motions to dismiss to motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and will consider the grievance documents and related evidence in determining whether Plaintiff failed to properly exhaust the available administrative remedies prior to filing his Second Amended Complaint.

Pursuant to the holding of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the *pro se* Plaintiff is hereby **NOTIFIED** that he has the right and an obligation to oppose the Defendants' motions for summary judgment, submitting affidavits or statements subject to the penalties of perjury, sworn testimony, exhibits, or other legal or factual material supporting his position in the case.

Plaintiff is advised that factual statements in affidavits or other sworn evidence submitted by Defendants will be accepted as true unless Plaintiff sets forth facts indicating the existence of a genuine or actual dispute of material fact. Plaintiff must set out either in his own affidavit or sworn evidence, or the affidavits or sworn evidence of other witnesses, specific facts that show that Plaintiff and Defendants disagree about one or more important facts present in this case. Plaintiff should be aware that a knowing assertion of a falsehood to avoid dismissal could, if proven, constitute perjury punishable by law.

The undersigned further **FINDS** that an evidentiary hearing will be helpful to the Court to develop the evidence necessary to expedite proposed rulings concerning the threshold exhaustion issue. During the hearing, the parties will have the opportunity to present any evidence to support their positions concerning the Plaintiff's failure to exhaust the available administrative remedies concerning the remaining claims at issue in this matter, and Plaintiff may present any evidence he believes will demonstrate the unavailability of the grievance process with respect to any of his remaining claims.

Accordingly, it is hereby **ORDERED** that an evidentiary hearing shall be held in this matter on **Wednesday, December 14, 2022 at 1:00 p.m.**  Plaintiff and counsel for defendants are hereby **ORDERED** to appear in person.  The Clerk is directed to issue a Writ of Habeas Corpus *Ad Testificandum* for the transport of the Plaintiff from the Huttonsville Correctional Center for his appearance at the hearing.

### B. Motions to Amend Second Amended Complaint.

Also pending before the Court are Plaintiff's Motions to Amend Second Amended Complaint (ECF Nos. 389, 391, and 400), which have been opposed by Defendants Slack, Woods, and Jessie Smith (ECF Nos. 407 and 414).  In connection with those motions, Plaintiff filed two documents containing proposed amendments (ECF Nos. 392 and 400-1) which are largely focused on the allegations against Defendants Slack, Woods, and Jessie Smith contained in paragraphs 17, 18, 19, 20, 22, and 23 of the Second Amended Complaint.

For the most part, Plaintiff's proposed amendments seek to provide more details concerning factual allegations already contained in the Second Amended Complaint.  Specifically, in ECF No. 392, Plaintiff merely attempts to provide more details surrounding the uses of force against him by Slack and Woods on October 20, 2017, which were already set forth in paragraphs 22 and 23 of the Second Amended Complaint.  Likewise, in ECF No. 400-1, Plaintiff seeks to provide more details concerning the conduct of Jessie Smith and others on December 15, 2017, December 28, 2017, and January 31, 2018, which is already addressed in paragraphs 17, 18, and 20 of the Second Amended Complaint.  The undersigned sees no need for these delayed amendments.  If these claims survive summary judgment on the exhaustion issue, Plaintiff will be able to provide more details concerning these specific allegations during discovery.

In his proposed amendments in ECF No. 400-1, Plaintiff also restates paragraph 19 concerning the alleged failure of certain defendants, including Jessie Smith, to deliver food trays to Plaintiff on enumerated dates, which Plaintiff claims was retaliatory for his prior filing of grievances and civil actions against staff at the Huttonsville Correctional Center and the initial complaint in this matter. (ECF No. 400-1 at 6). However, the undersigned previously recommended the dismissal of all of Plaintiff's First Amendment retaliation claims for failure to state a claim upon which relief could be granted. Nothing that Plaintiff has re-stated concerning paragraph 19 in the document in ECF No. 400-1 would alter the undersigned's prior analysis of that claim. Accordingly, the undersigned **FINDS** that proposed amendment would be futile. Finally, in ECF No. 400-1, Plaintiff's seeks to add an entirely new claim concerning a use of force against Plaintiff on December 26, 2017, and Plaintiff's alleged loss of 180 days of Good Conduct Time resulting from a related disciplinary proceeding. (ECF No. 400-1 at 3). These facts were not previously alleged in any way in the Second Amended Complaint.

As noted by Defendants, Plaintiff has provided no valid grounds to excuse the delay in seeking his proposed amendments, which are not based on newly discovered evidence. Plaintiff merely contends that he did not earlier assert these allegations because he did not have access to documents from his separate cases which were dismissed when he filed his Second Amended Complaint herein adding similar allegations to those he had made in the other cases. As further addressed on the record, the undersigned **FINDS** that Plaintiff's belated attempts to amend his Second Amended Complaint in this matter, which is more than five years old, are dilatory and will cause undue prejudice to Defendants. Accordingly, it is hereby **ORDERED** that Plaintiff's Motions for Leave to Amend Second Amended Complaint (ECF Nos. 389, 391, and 400) are **DENIED**.

### C. Plaintiff's Motion for Summary Judgment.

On November 17, 2022, Plaintiff filed a Motion for Summary Judgment (ECF No. 420), seeking summary judgment on the merits of his Eighth Amendment failure to protect claims brought against Defendants Ballard, Frame, and Snyder. As addressed on the record, the undersigned **FINDS** that Plaintiff's motion is premature due to the need to resolve the threshold issues concerning the exhaustion of administrative remedies before addressing the merits of Plaintiff's claims. Accordingly, by separate Proposed Findings and Recommendation, the undersigned will recommend that Plaintiff's motion for summary judgment be denied without prejudice.

### D. Discovery Motions.

Also pending before the Court are Plaintiff's Motions for Leave to Serve Discovery Requests on Defendants Snyder, Ballard, Frame, Mitchell, and Clifford (ECF Nos. 340, 346, and 349), Plaintiff's Motions for Order Compelling Discovery (ECF Nos. 359 and 419), Defendants Ballard and Frame's Motion to Stay Discovery (ECF No. 388), and Defendants Ballard and Frame's Motion for Protective Order (ECF No. 412), in which Defendants Mitchell and Clifford have joined (ECF No. 415). As noted on the record, the discovery requests served on all of these defendants appear to concern the merits of Plaintiff's claims for relief, and do not address the exhaustion of administrative remedies.

In light of the need to initially resolve the administrative exhaustion issue before turning to the merits of any of Plaintiff's claims, a stay of discovery on the merits of Plaintiff's claims is appropriate. Accordingly, it is hereby **ORDERED** that Defendants' Motion to Stay Discovery (ECF No. 388) and Defendants' Motion for Protective Order (ECF Nos. 412 and 415) are **GRANTED**. It is further **ORDERED** that, outside of the evidentiary hearing that will be held on the administrative exhaustion issue, discovery in

this matter is stayed and Defendants are not required to respond to Plaintiff's discovery requests absent further order of the Court. Consequently, Plaintiff's Motions for Leave to Serve Discovery Requests (ECF Nos. 340, 346, and 349) and his Motions for Order Compelling Discovery (ECF Nos. 359 and 419) are **DENIED WITHOUT PREJUDICE**.

### E. Plaintiff's Motions for Appointment of Counsel.

Although he has previously been denied appointment of counsel, Plaintiff has filed two additional motions for appointment of counsel (ECF Nos. 355 and 409). In these motions, Plaintiff seeks the appointment of counsel, or at least "stand-by counsel" to assist him in this matter.

Plaintiff has been advised that he has no right to appointment of counsel and the undersigned **FINDS** that this matter does not present "exceptional circumstances" warranting the court to search for an attorney willing to represent Plaintiff as provided in 28 U.S.C. § 1915(e)(1). *See Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)). As previously noted, despite the breadth of Plaintiff's claims, this is not a complex case and Plaintiff's copious filings demonstrate that he is able to present his claims. Accordingly, it is hereby **ORDERED** that his Motions for Appointment of Counsel (ECF Nos. 355 and 409) are **DENIED WITHOUT PREJUDICE**.

### F. Other Pending Motions.

As further addressed on the record, Plaintiff's Motion for Order Directing Counsel to Copy Plaintiff on All Filings (ECF No. 337) is **GRANTED**. Plaintiff is reminded of his obligation to advise the Court and defense counsel of any changes in his contact information. Additionally, as addressed on the record, Plaintiff's Request for Correction of Docket Entries 411 and 418 (ECF No. 428) is **GRANTED**, but his Motion for Order to

Investigate All Clerks/Staff Who Docket Court Documents (ECF No. 427) is **DENIED**. Finally, Plaintiff's Motion to Join Defendant Matthew Hypes in Response to Motion to Dismiss (ECF No. 417) is **GRANTED**. Plaintiff's response contained in ECF No. 399 will be treated as also being responsive to the Motion to Dismiss filed by Defendant Hypes (ECF No. 410).

The Clerk is directed to mail a copy of this Order and Notice to Plaintiff and to transmit a copy of this Order to counsel of record.

ENTER:   December 1, 2022

_____
Dwane L. Tinsley
United States Magistrate Judge