```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**MICHAEL JERMAINE GREENE,**

    Plaintiff,

v.                                Civil Action No. 2:17-cv-02897

**DAVID BALLARD, Warden, et al.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are the objections to the Proposed Findings and Recommendation ("PF&R") of United States Magistrate Judge Dwane L. Tinsley, filed by the plaintiff, on August 20, 2021. ECF No. 268.

This action was previously referred to the magistrate judge, who submitted a PF&R pursuant to 28 U.S.C. § 636(b)(1)(B). On August 05, 2021, the magistrate judge recommended that this court dismiss the following defendants and claims under 28 U.S.C. § 1915A and 1915(e)(2)(B) for failure to state a claim upon which relief can be granted: "all claims against Commissioner Betsy Jividen, Officer K. Bowlin, Officer David Ewing, Officer Edward Myles, Officer Charles Johnson, Officer Kylee McCarthy, Officer Jerrod Wilson, Officer Kelly Minter, Officer Dustin Bell, Officer Gregory Stover, Officer Beltcher, Officer Matthew Ellis, Lt. Christopher Wilson, Lt. Andrew Hill, Lt. Josh Ward, Counselor Nancy

Johnson, Trustee Clerk Abbie Hart, Nurse Elizabeth Bailes, Nurse Kristine Batten, Nurse Amanda Jones, Nurse Kelly Foster, M.R.C. Allison Miller, H.S.A. Pam Givens, MHU Staff Brandon Deem, MHU Staff Shannon Coleman, MHU Staff Tim Carper, MHU Staff Sara Cooper, Operations Warden Teresa Gregory, Capt. David McKinney, and Acting Warden Ralph Terry; as well as claims brought under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments of the United States Constitution and Article III, sections 1, 5, and 10 of the West Virginia Constitution."  ECF No. 266, at 38.

Upon an objection to the PF&R, the court reviews de novo those portions of the PF&R properly and timely objected to. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).  Upon review, the court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."  United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

The court sets forth the plaintiff's objections, in their entirety, as follows:

> "I only object to the PF&R dated 8/5/21 because I did state a claim of which relief can be granted, etc When it comes to the officers/staff that the court stated I failed to state a claim.
>
> The claim I raised of officers/staff the court say I failed to state a claim was retaliation, AND retaliation only (if not mistaken), so therefore, my objections is made on the officers/staff that indicate problems in retaliation that the court state I failed to state a claim when the actual claim raised and mentioned in the 2nd Amended Complaint is retaliation. (Note: My legal work was taken AND being kepted [sic] from me in retaliation of pending lawsuit against HCC, so for said reason, this is the best I can do for objection of PF&R dated 8/5/21)"

ECF No. 268.

A document filed pro se is "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

3

Even under a liberal construction, Mr. Greene's "objections" amount to a single blanket objection that he has made a claim of retaliation that goes to much of, if not the entire, PF&R. As the magistrate judge observed in the PF&R, "Plaintiff's contention that the defendants have retaliated against him," "[o]verarch[es] the rest of his claims." ECF No. 266, at 24. As such, Mr. Greene's general and conclusory objection is insufficient to warrant de novo review under 28 U.S.C. § 636(b)(1)(C) or Rule 72(b). See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (de novo review is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations"); Midgette, 478 F.3d at 622.

In the absence of an objection, the court may accept a magistrate judge's PF&R when there is no clear error on the face of the record. See Diamond, 416 F.3d at 315 (citing Fed. R. Civ. P. 72 advisory committee's note). Having reviewed the PF&R and finding no clear error, the court orders as follows:

1. That the petitioner's objections to the PF&R be, and they hereby are, overruled.

2. That the PF&R be, and it hereby is, modified on page 38 to correctly identify defendant "Sgt. Jamie Smith" as "Sgt. Jessie Smith."

3. That the magistrate judge's Proposed Findings and Recommendation be, and they hereby are, adopted.

4. That all claims against Commissioner Betsy Jividen, Officer K. Bowlin, Officer David Ewing, Officer Edward Myles, Officer Charles Johnson, Officer Kylee McCarthy, Officer Jerrod Wilson, Officer Kelly Minter, Officer Dustin Bell, Officer Gregory Stover, Officer Beltcher, Officer Matthew Ellis, Lt. Christopher Wilson, Lt. Andrew Hill, Lt. Josh Ward, Counselor Nancy Johnson, Trustee Clerk Abbie Hart, Nurse Elizabeth Bailes, Nurse Kristine Batten, Nurse Amanda Jones, Nurse Kelly Foster, M.R.C. Allison Miller, H.S.A. Pam Givens, MHU Staff Brandon Deem, MHU Staff Shannon Coleman, MHU Staff Tim Carper, MHU Staff Sara Cooper, Operations Warden Teresa Gregory, Capt. David McKinney, and Acting Warden Ralph Terry be, and hereby are, dismissed.

5. That all claims brought under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments of the United States Constitution and Article III, sections

**1, 5, and 10 of the West Virginia Constitution be, and hereby are, dismissed.**

**The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.**

**ENTER:   December 7, 2022**

_____
John T. Copenhaver, Jr.
Senior United States District Judge