```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**MICHAEL JERMAINE GREENE,**

        **Plaintiff,**

**v.**                              **Civil Action No. 2:17-cv-02897**

**DAVID BALLARD, Warden, JONATHAN FRAME, AWS, CPT. MARGARET CLIFFORD, SGT. ANDY MITCHELL, OFFICER MATTHEW ISAAC, OFFICER KEVIN BAKER, OFFICER DUSTIN ROSE, OFFICER DYLAN HAYHURST, OFFICER MATTHEW HYPES, OFFICER JOHN WOODS, CPL. JAMES TAYLOR, SGT. DONALD SLACK, SGT. JESSIE SMITH, DR. CHARLES LYE, LT. JAMES SMITH, and P.A. JOSH SHREWSBERRY**

        **Defendants.**


## MEMORANDUM OPINION AND ORDER

Pending before the court are plaintiff Michael Jermaine Greene's "Mandatory Objections," ECF No. 478, to the Proposed Findings and Recommendation ("PF&R") of United States Magistrate Judge Dwane L. Tinsley, submitted on February 23, 2023. PF&R, ECF No. 475.

The PF&R addresses 10 motions to dismiss filed by 12 defendants, a motion for summary judgment filed by two defendants, and the plaintiff's motion for summary judgment. <u>Id.</u> at 1-2. The magistrate judge recommended finding that the following defendants are entitled to judgment as a matter of law

as to all of plaintiff's claims against them: (1) Kevin Baker; (2) Margaret Clifford; (3) Dylan Hayhurst; (4) Matthew Hypes; (5) Matthew Isaac; (6) Charles Lye; (7) Dustin Rose; (8) Josh Shrewsberry; (9) Donald Slack; (10) James Smith; (11) James Taylor; and (12) John Woods.  Id. at 43-44.

The magistrate judge recommended dismissing plaintiff's claim against Andy Mitchell concerning the use of force on February 2, 2017, as well as his claims against Jessie Smith concerning the use of force on December 28, 2017 and alleged interference with plaintiff's receipt of medication on December 15, 2017.  Id. at 44.  The magistrate judge recommended denying as moot motions to dismiss filed by defendants Shrewsberry and Lye.  Id.

The magistrate judge recommended denying without prejudice the plaintiff's motion for summary judgment.  Id. at 44-45.

Finally, the magistrate judge recommended finding that the defendants Ballard, Frame, Mitchell, and Snyder[1] were not entitled to judgment as a matter of law concerning plaintiff's claims in paragraphs 10, 14, and 29 of the Second Amended

---

[1] Subsequent to the submission of the PF&R, defendant Snyder and plaintiff filed a partial dismissal order, representing that "all claims and controversies existing between them have been compromised and settled and are now moot."

Complaint, as well as the excessive force claim against defendant Jessie Smith on January 31, 2018, as set forth in paragraph 20 of the Second Amended Complaint.  Id. at 42-43.

Upon an objection to the PF&R, the court reviews de novo those portions of the PF&R properly and timely objected to. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).  General objections which fail to address portions or specified proposed findings or recommendations "do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and, therefore, constitute a waiver of de novo review." Elswick v. Plumley, Civ. A. No. 2:14-cv-29300, 2022 WL 2919291, at *1 (S.D.W. Va. July 25, 2022) (citing Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997)); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as to reasonably alert the district court of the true ground for the objection.").

In the absence of an objection, the court may accept a magistrate judge's PF&R when there is no clear error on the face

of the record.  Diamond, 416 F.3d at 315 (citing Fed. R. Civ. P. 72 advisory committee's note).

Mr. Greene's objections consist of five brief paragraphs.  In objection one, Mr. Greene states that the court "intentionally overlooked" his remaining claims and "this case has been compromised against[] the Plaintiff."  In objection two, Mr. Greene contends that his claims and his grievance exhaustion response are being "dismissed prematurely," because the court has not appointed an attorney to represent him.  In objection three, Mr. Greene again maintains that the court "overlooked intentionally" his grievance exhaustion response.  In objection four, Mr. Greene argues that his grievances were ignored by prison officials and that the prison's grievance process "was not known to Plaintiff."  Finally, in objection five, Mr. Green states, "This case has been compromised for the above reasons against[] Plaintiff."

Objections one, three, and five are general and conclusory statements, which are insufficient to warrant de novo review under 28 U.S.C. § 636(b)(1)(C) or Rule 72(b).  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (de novo review is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations");

Midgette, 478 F.3d at 622.  Moreover, far from "intentionally overlook[ing]" the plaintiff's claims and grievance exhaustion response, the magistrate judge has gone to great lengths to carefully consider Mr. Greene's claims.  The court finds no error in the magistrate judge's PF&R respecting these issues.  Objections one, three, and five are overruled.

Objection two concerns a matter not addressed in the presently pending PF&R and is therefore not a matter to which Mr. Greene may object.  Objection two is overruled.

Construing Mr. Greene's filing liberally, objection four comes the closest to warranting de novo review, although it too falls short of the mark.  Mr. Greene objects as follows:

> "Importantly, grievances [were] ignored by the prison staff/officials for defendants, grievance process [at] the prison was not known to Plaintiff, and the court still dismissed excessive force claims in order dated 2/23/23 that had grievances fully exhausted, grievances ignored by prison officials for defendants, and grievances that [were] not returned to Plaintiff upon Plaintiff turning them in to be exhausted."

ECF No. 478 ¶ 5.  Referring generally to "grievances" is no guide at all in a case such as this.  At the evidentiary hearing held on December 14, 2022, the magistrate judge provided the parties with an evidentiary notebook containing 90 exhibits, of which 89 are grievances, purported grievances, complaints, or letters from Mr. Greene concerning the conditions of his

5

confinement.  Exhibits Notebook, ECF No. 453, Attach. 3, Court's Ex. 1.  While it appears that Mr. Greene is familiar with the grievance process, having used it extensively, he nonetheless fails to particularize his objection with respect to any particular grievance so that the court is unable to evaluate the basis of his objection to the magistrate judge's specific findings.  In so observing the court does not intend to imply that Mr. Greene's remaining allegations are not serious, only that his objections are lacking.  The court has nevertheless reviewed the magistrate judge's detailed treatment of these issues in the PF&R, and finding no error, the court overrules objection four.

        The court orders as follows:

1. That the petitioner's objections to the PF&R be, and they hereby are, overruled.

2. That the PF&R be, and it hereby is, adopted in its entirety.

3. The following motions are GRANTED: James Taylor's Motion to Dismiss (ECF No. 312); Matthew Isaac's Motion to Dismiss (ECF No. 314); Dustin Rose's Motion to Dismiss (ECF No. 316); Kevin Baker's Motion to Dismiss (ECF No. 318); Donald Slack's Motion to Dismiss (ECF No. 371); Dylan Hayhurst's Motion to Dismiss (ECF No. 386); John Wood's Motion to Dismiss (ECF No. 387); Matthew Hypes and James Smith's Motion to Dismiss (ECF No. 410); and Charles Lye and Josh Shrewsberry's Motion for Summary Judgment (ECF No. 435).

4. Jessie Smith's Motion to Dismiss (ECF No. 386) is GRANTED, respecting Grievance Nos. 17-MOCC-Q2-882, 18-MOCC-Q2-6, 18-MOCC-Q2-7, and 18-MOCC-Q2-8, which concern issues relating to the plaintiff's previously dismissed retaliation claims, and DENIED, respecting the plaintiff's Eighth Amendment claim concerning the use of force on January 31, 2018.

5. Josh Shrewsberry's Motion to Dismiss (ECF No. 300) is DENIED AS MOOT.

6. Charles Lye's Motion to Dismiss (ECF No. 341) is DENIED AS MOOT.

7. Plaintiff's Motion for Summary Judgment (ECF No. 420) is DENIED WITHOUT PREJUDICE.

Inasmuch as the plaintiff has claims remaining, this matter shall remain referred to Magistrate Judge Dwane L. Tinsley as heretofore.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: March 31, 2023

John T. Copenhaver, Jr.
Senior United States District Judge